Mr. Cossaglad. Thank you, Your Honor. May it please the Court, my name is Jared Cossaglad, here on behalf of the plaintiff appellant, Vaughn Neita, who has taken issue with the District Court's dismissal of his complaint pursuant to Rule 12b6. The District Court faulted plaintiff's false arrest claim for omitting factual allegations about the facts and circumstances known to the defendant officers at the time of Mr. Neita's arrest, and we think this is an error of reasoning on the part of the District Court because it is impossible for the plaintiff to plead what the defendant knew at the time he arrested plaintiff. In this case, the plaintiff pled that he cared for unwanted animals, that he had brought two of these animals to the animal care and control facility, which is the proper place, because one was sick and one was aggressive, that the administrator there called the police, Ms. Travis, and that he was arrested. Based on that pleading, there is no way to conclude that probable cause for his arrest. And we did kind of throw our hands in the air, as the defense suggested, and ask what else can we plead, because Mr. Neita does not have any further information that he can plead about his arrest at this time. The arrest report that the defense submitted in support of its Rule 12 motion... Counsel, the District Court treated this as a pleading that effectively says, I was arrested for X, the case was later dismissed or acquitted, and therefore there is liability under the Constitution. Do you think that's an adequate complaint, given the difference between the probable cause standard for arrest and the reasonable doubt standard for conviction? I think the way the court characterized it, no, but I don't think that's what our complaint says. Our complaint describes the facts and circumstances that led to his arrest with some amount of detail. It's not to the detail the defense would like. They asked us to put in there information about conversations the plaintiff had, but the fact is, is the plaintiff is not in a position to say what the defendants knew, especially at the pleading stage. The plaintiff is entitled, I think... The plaintiff is in a position to say what the facts are, or to say, for example, whether well-cared for dogs kill other dogs, right? The parties are in agreement that a dog in plaintiff's care killed another dog, right? So that poses the question, whether well-cared for dogs do that, and therefore whether that shows cruelty to animals or lack of proper care. Well, that's an interesting question on which the complaint is, so far as I can see, silent. Well, and at the stage of the Article 12 motion, you know, the issue is, what did the defendants know at the time they arrested? No, it's not what they know. It's what the facts are, and the question is whether the claim is plausible. Well, you know, there's something that seems to affect whether the claim is plausible. If it turns out that well-cared for dogs don't kill other dogs, then the complaint is not plausible. If it turns out that well-cared for dogs do kill other dogs, then the complaint might be plausible, but we know nothing about this. There are no allegations about this. I think the court's correct that if the facts turn out that way, that it was the plaintiff's fault that one animal killed another animal, and that he decided to turn it in because he wasn't going to be able to find it a home, well, then I think that the court's right that the claim probably doesn't succeed. But at this stage, at the Rule 12 stage, we're entitled to all reasonable inferences from the facts that we did plead. And at this stage of the proceeding, with the facts that were pled, and given the fact this was a warrantless seizure, where it's really the defense's burden to come forward and show why there was probable cause, that just didn't happen. It's not it's not appropriately resolved now with an attachment of an arrest report, and in the response brief in this appeal, the defense attached the entire trial transcript to cite to a doctor's week to develop. But the fact is, the dog was just sick. That was the only thing wrong with it, and it hadn't been eating, so it was thin. But this again is not something the plaintiff caused. He took the dog to a veterinarian, he got it appropriate treatment, and again, at this stage of the proceeding, I think the plaintiff's pled a warrantless seizure, and he's entitled to the presumption that that was unreasonable, absent some plain existence of probable cause. But he doesn't know what the police knew when they arrested him, or why they even arrested him. What he knows was he didn't commit a crime, and he didn't do anything wrong. And of course, there are a lot of facts that would have been developed through discovery to show that, such as the fact that the city of Chicago regularly inspects his business, and had found nothing wrong with the way that he was treating animals, up until he brought two dogs to the animal care and control facility to surrender, which is the appropriate thing to do with dogs that you can't find a home for, because he can't continue to care for sick dogs and aggressive dogs when no one is going to So the district court dismissed all of plaintiff's claims though, and I'll just, the illegal search claim, I'm going to try to spend more economically use my time. I'd like to skip that and just talk about the malicious prosecution claim, because there the district court relied on the arrest report to basically conclude that the facts plaintiff pled were wrong. Well there's a problem with the judge's treatment of the merits of the state law claims, because he said he was relinquishing jurisdiction over them, and allowing, and dismissing them without prejudice to repleting in state court. So I don't know why he went on after saying that to discuss and decide the merits, and you know, treat them as dismissed on the merits when he specifically said they were dismissed without prejudice to repleting. So it's not a merits dismissal, it's a relinquishment of jurisdiction over the state law claims. I'll be fair, I don't understand exactly what the legal effect is of what he did and the way he reasoned through his opinion. Well, I think it's, I'm sorry, I think it's, I think it's the one way to see it is the way the court described, another way is that it was dismissed on the merits. I don't know how it can be based on the mandate line, or the line, and the last line in the opinion, which is that these counts are to exercise supplemental jurisdiction. Any further pleading by the plaintiff will have to be in state court, and then there's an earlier passage in the opinion where he elaborates on that, that he's relinquishing jurisdiction and deciding to dismiss without prejudice. So I mean it's just gratuitous, all the discussion of the merits of the state law claims. That's the case, then it is I believe that it is contained in his opinion, I'm not sure. No, the Rule 58 judgment is separate from the opinion. The circuit's rules require the appellant's brief to contain the judgment, right? So I, in response to this exchange, I was going to try to look at the judgment to see if the judgment seems to be on the merits. It's missing from your appendix. You're in violation of Circuit Rule 30B, and your certificate under Circuit Rule 30D is false. I'm not sure there is an independent judgment based on my review of the pleadings and studying. You're going to have to raise your voice. I'm not sure that there is a, what the court's asking for on the record in this case, in my review of the pleadings. If the district judge didn't enter a Rule 58 judgment, what are you appealing from? Well, the order dismissing the case. Then there is some separate document. You can't appeal from an opinion. We went through this in the last case. You can't appeal from an opinion. You can appeal from a judgment. I think that in the court's opinion on the motion to dismiss, it disposed of all of the claims, and I think that is sufficient. No, it is not. Well, I would reserve the  motion. Ms. Hornster, is there a Rule 58 judgment in this case? Yes, Your Honor. May it please the court. There is a separate judgment. The docket entry was number 70 on the docket, and it doesn't reflect anything about the prejudice to refiling in state court, and we did address... It actually doesn't say anything one way or the other. Okay, I've now found it. Yes. No thanks to Mr. Cossaglad. It just says judgment is entered in favor of defendants, so it is a Rule 58 judgment, but defective. Did anybody go to the judge? You know, same question I asked in the last case. Anybody go to the judge and say, look, you really need to say in the judgment what has happened in this case? No, not that I'm aware of. There was definitely an oddity in the opinion, and we addressed this in our briefs, that the judge treated the state law claims on the merits. In the prior opinion dismissing the First Amendment complaint, the judge had said, because I've extended considerable effort on these, I will dispose of them on the merits, and did dispose of them in the merits on the First Amendment complaint. The second time around, you know, included the statement that the judge was going to relinquish jurisdiction, but plaintiff has never argued that those claims should be allowed to proceed in state court, that the dismissal should be treated without prejudice. So our position is that it should be treated as a dismissal on the merits and affirmed. I think at a minimum, or you know, at most, this court could remand to the district court to just, you know, decide what exactly it intended to do with the plaintiff. We shouldn't have to do that. The parties, when they get a defective judgment, need to go to the district court and say, please enter a proper judgment. You don't first file an appeal, brief the appeal, and then say, oh, we don't know what the judgment really means. We have this dispute about what relief the district court has or hasn't ordered. Get that fixed before you come here. And I apologize that, you know, this oddity in the district court's judgment, you know, purporting to not exercise jurisdiction wasn't noticed. Well, it's not purporting to. He specifically says several times that he's not exercising jurisdiction over the state law claims. Right. And relinquishing jurisdiction and letting them be pursued in state court. And then the judgment says the case is dismissed and doesn't say anything about what parts with and without prejudice. And that's your problem. That's why you need to go to the district judge and say, fix this. And I apologize. I mean, we noticed it when we were briefing the appeal. The appellant didn't say anything about it in the jurisdictional statement. You know, I think we've... But we have to accept what comes to us and what has come to us is the district judge saying, I'm not exercising jurisdiction over the state law claims. So whatever he said about the merits of those claims is irrelevant at this point. What he said about his jurisdiction is the operative statement, I think, that we have to... That's correct, but the judgment itself just, you know, dismisses the action and doesn't refer to anything going on without prejudice. And we believe that judgment should be affirmed. As to the merits of what's primarily at issue here, the federal false arrest claim, I think I'll go back to an exchange that Judge Easterbrook had with plaintiffs counsel earlier about whether, you know, the issue is what defendants knew or what the facts were. And I'd actually submit that because, you know, Mr. Neate is claiming he was unlawfully arrested, you know, without probable cause, probable cause does turn on the facts known to defendants at the time of the arrest. The problem is that on that question, Mr. Neate has alleged nothing more than conclusory statements devoid of any useful factual content. No, he's done a lot more than that. He has alleged that the two dogs, one was healthy but overly aggressive and had the other was ill. And the question is whether that, those facts, standing alone without more, are sufficient for an arrest. And, you know, that seems to me is enough to get to the next stage of the proceedings. He says they aren't enough for probable cause. Maybe it's enough for reasonable suspicion to initiate an investigation, but standing alone it doesn't supply probable cause. Well, I'm not contending that the facts of what he alleged about the conditions of the dog was... That's all there was. That's what the arrest was based on, the condition of the dogs, because that's, so far as we know from the complaint, all the defendants had to go on. The problem with looking at it that way is that the plaintiff did not allege anything about what information was provided to the defendants about the dogs. And so he, you know, he says this was, these were the facts with the dogs. Right. He doesn't need to allege anything more than that to allege a false arrest claim. But what he doesn't, this is not a case like the Bevere versus Hukal case where somebody's arrested without any questioning. If he had alleged that, you know, this was the condition of the dogs, I walked in and I was arrested without any questioning about how the dogs came in to be this condition. That would be one thing. But instead of pleading anything about what the defendants were told, what information he provided, he just said in the negative, nothing I said or did indicated I abused an animal. But isn't, isn't that the question? And I pose to Mr. Kasoglad the question, do well-cared for dogs kill other dogs? If the answer is yes, then it's very hard to see that there's probable cause. If the answer is no, then it looks like there is probable cause. One might think that normally a complaint would be construed in favor of the plaintiff, so that one would say that the answer is yes, well-cared for dogs do or sometimes can kill other dogs. If that's so, the complaint is sufficient. But if they don't, the complaint is insufficient. Right? Aren't we supposed to construe this in the plaintiff's favor? Well, that's correct. I mean, the inferences to be drawn from, you know, the fact that he brought in a dog that had killed another dog and a dog that was very ill. Right. And the complaint alleges that that's what happened. That's the sequence. That's correct. But as far as what information the defendants were acting on, the complaint says nothing about what the defendants were told. It says that he was arrested on the spot based on the condition of the dogs. And if that's insufficient to justify an arrest, and that's the inference he's asking us to draw, if that's a reasonable inference, then we draw it in his favor and the case moves forward. I disagree that the complaint is fairly read to say he was arrested on the spot without any information. It seems to be conspicuously silent about what, you know, what the officers would have been told. If he actually alleged, and if he was saying in response to the motions to dismiss, and at this stage, that that's what actually happened, that he was arrested on the spot and there was no exchange and the defendants didn't have any other information about, you know, what had happened. That's what he says in paragraphs 18 and 19 of his amended complaint. Of the second amended complaint? Yep. Nothing he said or did on that date when he turned in the dogs would indicate that he caused any injury or neglect. No, but he's not saying he said or did nothing. It's put in the negative and it leaves the question, what did he say or do? He doesn't have to allege that kind of factual specificity under Twombly and Iqbal. The amount of, I mean, this isn't, you know, again, he's arguing that what more could I have pled? And this is a situation where he was there, he knows if and what information he provided to the defendants. And in fact, although the pleading standards are not, they don't require detailed facts, you know, what... He's arguing that he provided them with nothing that would give them probable cause to arrest him right then and there, which is what they did. And that is nothing more than a conclusion. And that's, you know, we draw the inferences in his favor that all the officer had and the animal control officer and the police officer had was the condition of the dogs. And we draw the inference in his favor that that's not enough for probable cause. Maybe reasonable suspicion to open investigation, but not make an immediate arrest. I would say that the allegation that, you know, nothing he did or said should actually be disregarded because it doesn't, it's not a factual allegation. It's purely conclusory legal allegation. If he said, I did nothing, I said nothing, then you could say nothing I said or did. I mean, that would be an inference from that. Wait, wait, I'm lost. The complaint alleges that he shows up at the animal control office with two dogs. So the condition of the dogs can be observed. Is their coat mangy, for example? Are they obviously starving? He says he gave an explanation about why they brought them in, and he says what the explanation is. He does not say that he provided any explanation. He says nothing about what he said to the defendants. Okay, then if there's absolutely nothing in the complaint about that, that is discussed in the briefs, then the only thing the officer had to go on, according to the complaint, is the condition, the physical condition of the dogs. And he says these dogs were in unremarkable physical condition. Why is that not an adequate pleading that there was no reason to arrest him? Because the pleadings don't show that that is all the officers had to go on. He says nothing about... The pleading alleges that that's all the officers had to go on. The pleading alleges, I brought in these dogs. The only thing the officers knew was the dogs' physical condition. There was nothing unremarkable about the physical condition, and I was arrested. The complaint does not fairly say that that is all the officers had to go on. Now, as we mentioned in our brief, because the case was tried criminally, and the plaintiff knows what happened at the trial, in fact, there was more that happened, and I'm not... And we'll find out all about that at summary judgment. Okay. Thank you, Your Honor. I have one question before you go. Yes, Your Honor. And that's the dead dog. They found a dead dog in the car. Did he say there was a dead dog in the car? No, the complaint doesn't mention anything about him bringing the dead dog in. But somebody went out and took the dead dog out of the car. Isn't that right? It's correct that that happened. And that was after the arrest, then? Yeah, or about nearly simultaneously. Well, that's what I'm wondering. Was that a factor? In the arrest? The dead dog, looking at the dead dog, it was one of the reasons you got a dog. One dog killed one, and apparently that's the dog that killed was one in the car. Is that right? I mean, we certainly can't say based on the pleadings whether the dead dog was... It's just another dog, no? Okay. Okay. Thank you. Thank you, Ms. Hornster. Anything further, Mr. Kosselkland? Mm-hmm. Okay, thank you very much. The case is taken under advisement.